# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No.: CV 19-03978-AB (RAOx) | Date: October 3, 2019 |
|---|---|

| Title: *Canon, Inc. v. V4INK, Inc.* |
|---|

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] Order GRANTING Plaintiff's Motion for Default Judgment (Dkt. No. 33)**

Before the Court is Plaintiff Canon, Inc's ("Plaintiff" or "Canon") Motion for Default Judgment against Defendant V4INK, Inc. ("Defendant" or "V4INK"). ("Motion," Dkt. No. 33.) The Plaintiff seeks entry of default judgment and the issuance of a permanent injunction against V4INK.

On July 9, 2019, the Court Clerk entered default under Federal Rule of Civil Procedure 55(a). (*See* Dkt. No. 31.) On August 12, 2019 this Court issued an order to show cause why this action should not be dismissed for lack of prosecution. (Dkt. No. 32.) Plaintiff filed this Motion on August 26, 2019. (Dkt. No. 33.) On August 27, 2019 this Court discharged the Order to Show Cause, deeming this Motion a satisfactory response. (Dkt. No. 34.) Defendant has not opposed this Motion or otherwise appeared in this case.

The Court deems this matter appropriate for decision without oral argument

and **VACATES** the hearing scheduled for October 4, 2019. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons stated in this Order, the Court **GRANTS** the Motion.

I.   FACTUAL BACKGROUND

Plaintiff's Complaint ("Compl.," Dkt. No. 1.) alleges seven causes of action for patent infringement, and specifically for infringement of: (1) U.S. Patent No. 8,588,646 B2 ("the '646 Patent"); (2) U.S. Patent No. 7,869,740 B2 ("the '740 Patent"); (3) U.S. Patent No. 8,165,494 B2 ("the '494 Patent"); (4) U.S. Patent No. 8,971,760 B2 ("the '760 Patent"); (5) U.S. Patent No. 9,494,916 B2 ("the '916 Patent"); (6) U.S. Patent No. 9,857,763 B2 ("the '763 Patent"); and (7) U.S. Patent No. 10,162,304 B2 ("the '304 Patent") (collectively, the "Asserted Patents"). (Compl. ¶¶ 21-22, 30-31, 39-40, 48-49, 57-58, 66-67, 75-76.)

Plaintiff is a Japanese corporation. (*Id.* ¶ 1.) Plaintiff asserts that it is a "leading innovator, manufacturer, and seller of a wide variety of laser beam printers, inkjet printers, copying machines, cameras, and other consumer business, and industrial products." (*Id.* ¶ 2.) According to the Complaint, Defendant is a California corporation with a principal place of business in Ontario, California that conducts business at least through its website *v4ink.com*. (*Id.* ¶¶ 3-4, 6.) All of the Asserted Patents describe and claim different aspects of a toner cartridge designed to be used in a laser beam printer. (Dkt. No. 33-1 at 2:3-7.) Plaintiff makes many models of toner cartridges that embody the inventions of the Asserted Patents; it sells some models under its own name and it supplies HP with certain models to be sold under the HP name. (Compl. ¶ 17; Dkt. 33-1 at 2:8-14.) Canon has designed numerous color laser beam printers that are compatible with and utilize the toner cartridges covered by the Asserted Patents. (Dkt. 33-1 at 2:12-17; Declaration of Masahide Kinoshita ("Kinoshita Decl.") Dkt. No. 33-3 ¶ 7.) Plaintiff alleges that Defendant "is engaged in the business of manufacturing, importing, selling, and/or offering to sell toner cartridges" that infringe Plaintiff's Asserted Patents and are compatible with many of Plaintiff's color laser beam printers. (Compl. ¶¶ 17-19; Kinoshita Decl. ¶ 7.)

Plaintiff alleges that the following toner cartridge products sold by Defendant infringe the Asserted Patents: 131A BK, 131A C, 131A Y, 131A M, CE410X, CE411A, CE412A, and CE413A (collectively, the "Accused Products"). (Compl. ¶ 18.) In its complaint, Plaintiff describes which Asserted Claims of each Asserted Patent it alleges are infringed. Plaintiff also attaches claim charts for each Asserted Patent that chart how two example Accused Products, 131A BK toner cartridge and CE410X toner cartridge, infringe specific independent claims. The table below

shows, for each Asserted Patent, which claims Plaintiff allege the Accused Products infringe and which claims Plaintiff charted to exemplary Accused Products.

| Asserted Patent | Asserted Claims | Independent Claim(s) Charted Against Exemplary Products (131A BK and CE410X) in Claim Charts |
|---|---|---|
| '646 Patent | Claims 1, 2, 8, 12, 14-17, 22, 24, 25, 30, 32, 35, 37, 42-45, 51, 55, 57, 58, 63, 64, 69, 71, 72, 74, 83, 84, and 97-99. (Compl. ¶ 21.) | Claims 1, 16, 24, 37, 44, 57, 63, 74, 83, and 97. (Compl. ¶¶ 23-24, Ex. 8, Ex. 9.) |
| '740 Patent | Claims 41-61, 63, 64, 66-80, and 83-91. (Compl. ¶ 30.) | Claims 41, 58, 67, and 83- 88. (Compl. ¶¶ 23-24, Ex. 8, Ex. 9.) |
| '494 Patent | Claims 1-3, 5-11, 13-25, 32-37, 39, 40, 51-53, and 55-61. (Compl. ¶ 38.) | Claims 1, 10, 18, 32, 51, and 58. (Compl. ¶¶ 41-42, Ex. 12, Ex. 13.) |
| '760 Patent | Claims 1-3 and 7-30. (Compl. ¶ 48.) | Claims 1 and 16. (Compl. ¶¶ 50-51, Ex. 14, Ex. 15.) |
| '916 Patent | Claims 1-9. (Compl. ¶ 57.) | Claim 1. (Compl. ¶¶ 59-60, Ex. 16, Ex. 17.) |
| '763 Patent | Claims 1-8 and 13-19. (Compl. ¶ 66.) | Claims 1 and 13. (Compl. ¶¶ 68-69, Ex. 18, Ex. 19.) |
| '304 Patent | Claims 1-4. (Compl. ¶ 75.) | Claim 1. (Compl. ¶¶ 68-69, Ex. 20, Ex. 21.) |

Based on these allegations, Plaintiff asserts that Defendant has infringed the Asserted Patents. Plaintiff seeks entry of default judgment against Defendant and a permanent injunction prohibiting future infringement.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant default judgment after the Clerk of the Court enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Local Rule 55-1 requires the party seeking default judgment to file a declaration establishing: (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other

like fiduciary who has appeared; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice. L.R. 55-1.

Once default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *See* Fed. R. Civ. Proc. 8(b)(6); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). However, even if entry of default has been made by the Clerk, granting a default judgment is not automatic; rather, it is left to the sound discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980). The Ninth Circuit has directed courts to consider several factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong public policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III. DISCUSSION

### a. Jurisdiction

As a preliminary matter, in its Motion, Plaintiff addresses this Court's subject matter jurisdiction over this case and personal jurisdiction over Defendant. Plaintiff argues that the Court has the requisite jurisdiction to render a valid default judgment in this case. (Dkt. No. 33-1 at 5.)

"[T]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents[.]" 28 U.S.C. § 1338(a). As a patent infringement suit, this action arises under 35 U.S.C. § 271. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

To determine whether a court possesses personal jurisdiction over a defendant, it first looks to state law. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). California's long-arm statute allows courts in the state to exercise personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. Proc. § 410.10. For constitutional purposes, a federal court can exercise general personal jurisdiction over defendants domiciled within the forum state. *Miliken v. Meyer*, 311 U.S. 457, 462-63 (1940). A corporation is domiciled in the state of its incorporation and its principal place of

business. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

Here, Plaintiffs have alleged that Defendant's principal place of business is in California. (Compl. ¶¶ 3, 6; Dkt. No. 33-1 at 5:6-8.) Plaintiff's allegations, taken as true, establish that the Court has general personal jurisdiction over Defendant for purposes of this Motion.

### b. Procedural Requirements

Plaintiff has satisfied the procedural requirements of Local Rule 55-1. The Clerk of the Court entered Default against Defendant on July 9, 2019. (Dkt. No. 31.) Defendant has not responded to the Complaint or otherwise defended the action. Plaintiff has also submitted a declaration from counsel stating that Defendant is not a minor, infant, or otherwise an incompetent person, and that the Servicemembers Civil Relief Act does not apply. (Supplemental Declaration of Sarah S. Brooks ("Supp. Brooks Decl."), Dkt. No. 36 ¶¶ 9-10.) Here, notice of the default judgment proceedings is not required by Federal Rule of Civil Procedure 55(b)(2) because Defendant has not appeared in these proceedings personally or through a representative. Fed. R. Civ. P. 55(b)(2). Regardless, Plaintiff "sent copies of the Notice of Motion and related papers to V4INK's registered agent for receiving service via U.S. Mail." (Supp. Brooks Decl. ¶ 11.) Accordingly, Plaintiff has satisfied Local Rule 55-1's requirements.

### c. The *Eitel* Factors

#### i. Possibility of Prejudice to Plaintiffs

This factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. *See Pepsico, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, Plaintiff will be prejudiced if default judgment is denied. Given Defendant's unwillingness to answer and defend, denying default judgment would render Plaintiff without recourse. Thus, the first factor weighs in favor of granting default judgment.

#### ii. Merits of Claim and Sufficiency of the Complaint

The second and third *Eitel* factors consider the substantive merits and sufficiency of the complaint. Notwithstanding the entry of default, the Court must

CIVIL MINUTES – GENERAL
5

still determine if the facts alleged give rise to a legitimate cause of action because "claims [that] are legally insufficient . . . are not established by default." *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). For this factor to weigh in its favor, Plaintiff must properly allege the elements of the causes of action at issue and adequately plead their claims. *See PepsiCo*, 238 F. Supp. 2d at 1175-76. Here, Plaintiff alleges infringement of seven U.S. patents. (Compl. ¶¶ 21-22, 30-31, 39-40, 48-49, 57-58, 66-67, 75-76.)

To prevail on its patent infringement claims, Plaintiff must show that Defendant "makes, uses, offers to sell, or sells any patented invention" in the United States without authority. 35 U.S.C. § 271(a). The Federal Circuit has found, in a case involving a simple technology, that identifying accused products "by name and by attaching photos" and alleging "that the accused products meet each and every element of at least one claim" was sufficient to state a claim of infringement. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018).

Plaintiff's allegations, taken as true, at least establish that Defendant offers to sell and sells the Accused Products without authority. (Compl. ¶¶ 18-19.) The detailed separate claim charts attached to the Complaint describe how the Accused Products embody at least Claims 1, 16, 24, 37, 44, 57, 63, 74, 83, and 97 of the '646 Patent, at least Claims 1, 10, 18, 32, 51, and 58 of the '494 patent, at least Claims 1 and 16 of the '760 Patent, at least Claim 1 of the '916 Patent, at least Claims 1 and 13 of the '763 Patent, at least Claims 1-4 of the '304 patent, and at least Claim 1 of the '304 Patent. (Compl. Exs. 8-21, Dkt. No. 1-4 – Dkt. No. 1-9.) Plaintiff's claim charts map the limitations of each asserted independent Claim to an accused 131A BK toner cartridge and an accused CE410X toner cartridge. (*Id.*) Additionally, Plaintiff has submitted evidence from Defendant's website that seems to show that these two Accused Products and the remaining Accused Products differ only by the color of toner they contain. (Kinoshita Decl. Ex. A (ECF9-ECF16), Ex. C (ECF22-ECF28).) Thus, Plaintiff's allegations, including based on the claim charts, provide sufficient specificity as to how each Accused Product is purported to infringe at least one claim from each Asserted Patent. Plaintiff has properly alleged the elements of patent infringement and has adequately pleaded its claims. Thus, the second and third *Eitel* factors weigh in favor of granting default judgment because the allegations in the Complaint, taken as true, establish Defendant's infringement of all seven Asserted Patents.

### iii. Sum of Money at Stake

The Court must balance "the amount of money at stake in relation to the

CIVIL MINUTES – GENERAL
6

seriousness of Defendant's conduct." *See PepsiCo*, 238 F. Supp. 2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

Here, Plaintiff does not seek any monetary relief. It only requests entry of default judgment of infringement and a permanent injunction. Accordingly, the fourth *Eitel* factor weighs in favor of granting default judgment. *See PepsiCo*, 238 F. Supp. at 1176 ("Plaintiffs are not seeking monetary damages. They seek only injunctive relief…Accordingly, this factor favors granting default judgment.")

### iv. Possibility of Dispute

The Court must examine the possibility of the parties disputing material facts. *See* PepsiCo, 238 F. Supp. 2d at 1177. When the plaintiff's patent infringement complaint is well-pleaded, a dispute between the parties about material facts is "remote." *See Oakley, Inc. v. Moda Collection, LLC*, No. SACV-16-160JLS(JCGx), 2016 WL 7495835, at *6 (C.D. Cal. June 9, 2016).

Here, as discussed above, Plaintiff's claims for patent infringement are well-pleaded. Defendant has failed to appear, therefore admitting all material facts in Plaintiffs' Complaint. Given that Plaintiff's factual allegations are taken as true, and that Defendant has failed to appear in the case, no factual disputes exist that would preclude the entry of default judgment. Thus, the fifth *Eitel* factor weighs in favor of entering default judgement. *See PepsiCo*, 238 F. Supp. 2d at 1177 ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. Accordingly, no genuine dispute of material facts would preclude granting Plaintiffs' motion." (citation omitted)).

### v. Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. *PepsiCo*, 238 F. Supp. 2d at 1177. When a defendant contacts plaintiff's counsel about the lawsuit but does not respond to the complaint, "the possibility of excusable neglect is remote." *See id.*

It is unlikely that the default in this case resulted from Defendant's excusable neglect. Plaintiff served Defendant with the Complaint on May 8, 2019. (Dkt. No. 22.) On May 23, 2019, an attorney contacted Plaintiff's counsel requesting a one-month extension to respond to the Complaint on Defendant's behalf. (Declaration

of Dennis McMahon ("McMahon Decl."), Dkt. No. 33-2 ¶ 4, Ex. B (ECF8).) Plaintiff filed a stipulation to extend the time to respond to the Complaint by 30 days. (Dkt. No. 29.) Pursuant to that stipulation, Defendant's responsive pleading was due on July 1, 2019. (*Id.*) Defendant has still failed to appear or file responsive pleadings in this case. In its Motion, Plaintiff asserts that Defendant or a representative on behalf of Defendant has not since contacted Plaintiff to request a further extension to the deadline. (Dkt. No. 33-1 at 9:4-6.) The email from Defendant's counsel requesting an extension to answer combined with Defendant's failure to appear or answer suggests that Defendant knew about this case but chose not to participate in it. Accordingly, the sixth *Eitel* factor weighs in favor of granting default judgment.

### vi. Policy Favoring Resolution on the Merits

The policy favoring resolution of cases on the merits always weighs against default judgment. The mere enactment of Rule 55(b), however, indicates that "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible."); *see also Oakley, Inc.*, 2016 WL 7495835, at *6 ("In this case, [the defendant] has failed to appear and respond. This factor therefore does not weigh against entering default judgment.") Because none of the other factors weigh against default judgment, the policy favoring resolution on the merits does not prevent the Court from granting default judgment in this case.

### vii. Conclusion Regarding *Eitel* Factors

For the foregoing reasons, the Court finds that the *Eitel* factors favor granting Plaintiff's Motion for Default Judgment. Default judgment will be entered against Defendant on Plaintiff's patent infringement claims.

### d. Requested Relief

#### i. Permanent Injunction

Plaintiff seeks a permanent injunction against Defendants. Plaintiff seeks to enjoin Defendant from:

(a) making, using, selling, or offering for sale in the United States, or importing into the United States, (i) any of the accused toner

cartridges identified in the complaint in this action (i.e., toner cartridges bearing the designations 131A BK, 131A C, 131A Y, 131A M, CE410X, CE411A, CE412A, and CE413A), and (ii) any other toner cartridge that is not more than colorably different than (i) and falls within the scope of at least one claim of at least one of the '646 patent, the '740 patent, the '494 patent, the '760 patent, the '916 patent, the '763 patent, or the '304 patent

      (b)    otherwise directly infringing, contributorily infringing, or inducing infringement of any of the claims of the '646 patent, the '740 patent, the '494 patent, the '760 patent, the '916 patent, the '763 patent, or the '304 patent with respect to (i) any of the accused toner cartridges identified by model designation in the complaint in this action (i.e., toner cartridges bearing the designations 131A BK, 131A C, 131A Y, 131A M, CE410X, CE411A, CE412A, and CE413A), and (ii) any other toner cartridge that is not more than colorably different than (i) and falls within the scope of at least one claim of at least one of the '646 patent, the '740 patent, the '494 patent, the '760 patent, the '916 patent, the '763 patent, or the '304 patent;

      (c)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above.

(Dkt. No. 33 at 2-3.)

The Supreme Court established that, under the Patent Act, a permanent injunction does not automatically follow a determination of patent infringement. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 393-94 (2006). A four-factor test must be satisfied to grant a permanent injunction. *Id*. at 394. Plaintiffs must demonstrate (1) irreparable harm; (2) lack of adequate remedies at law; (3) the balance of hardship weighs in its favors; and (4) the injunction is in the public's interest. *See id*. at 391. "In the patent infringement context, [the Federal Circuit] has held that injunctions have satisfactory scope when they prohibit 'infringement of the patent by the adjudicated devices and infringement by devices not more than colorably different from the adjudicated devices." *United Constr. Prods., Inc. v. Tile Tech, Inc.*, 843 F.3d 1363 (Fed. Cir. 2016) (quoting *Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1316 (Fed. Cir. 2004)).

      **1.   Irreparable Harm**

Plaintiff will suffer irreparable harm absent a permanent injunction. "Where two companies are in competition against one another, the patentee suffers the harm – often irreparable – of being forced to compete against products that incorporate and infringe its own patented inventions." *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336 (Fed. Cir. 2013).

Plaintiff has shown that Defendant has sold toner cartridges that infringe Plaintiff's Asserted Patents. Defendant's accused toner cartridges directly compete with Plaintiff's products. (Kinoshita Decl. ¶¶ 9-13.) In fact, Defendant's website describes the Accused Products based on their interchangeability with Plaintiff's toner cartridges and their capability to be used with Plaintiff's printers. (*Id.* at ¶¶ 8,10-11, Ex. A, Ex. C.) As a result, Plaintiff is forced to compete against toner cartridges that incorporate and infringe its own patents. (*Id*. at ¶¶ 12-13.)

As a result of Defendant's competing infringing sales Plaintiff states it "will continue to suffer harm to its market share," customers might come to distrust Plaintiff's pricing, and demand for Plaintiff's genuine toner cartridges might decline. (Kinoshita Decl. at ¶¶ 14, 16, 18.) The lost market share and revenue, combined with the damage to Plaintiff's goodwill and reputation, constitutes irreparable harm. *See, e.g. Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1566 (Fed. Cir. 1996) (finding a loss of revenues and goodwill constitutes irreparable harm).

### 2. Inadequate Legal Remedies

Because Defendant has not participated in this litigation, monetary damages would be difficult to calculate and recover. Moreover, the types of harm that Plaintiff has alleged are all difficult to quantify, providing evidence of inadequate remedies at law. According to Plaintiff, "[i]t would be exceedingly difficult, if not impossible, to convert Canon's unquantifiable harm into an estimate of monetary damages." (Kinoshita Decl. at ¶ 16.) This supports granting the requested injunctive relief.

### 3. Balance of Hardships

The balance of hardships weighs in favor of granting an injunction. In the absence of an injunction, Plaintiff faces potential lost sales, loss of market share, reputational damage, and hinderance of its ability to recoup its research and development investment. (Kinoshita Decl. ¶¶ 14-17.) On the other hand,

Defendant faces no hardship in refraining from its unlawful infringement of Plaintiff's Asserted Patents.

### 4. The Public Interest

The public interest also weighs in favor of an injunction. Defendant has sold toner cartridges that infringe Plaintiff's Asserted Patents. Allowing infringement of intellectual property discourages future innovation by failing to provide an adequate forum through which patentees can protect their inventions. The Court's issuance of an injunction, however, encourages future innovation by protecting patentees' inventions.

### 4. Conclusion Regarding *eBay* Test

Because all four *eBay* considerations favor enjoining Defendant, the Court finds that injunctive relief is appropriate in this case. Additionally, the scope of activities Plaintiff seeks to enjoin is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment. The Court finds that Defendant has infringed the '646, '740, '494, '760, '916, '763, and '304 Patents. The Court also **GRANTS** Plaintiff's request for a permanent injunction. Plaintiff shall file a proposed final judgment within 14 days of the issuance of this Order.

**IT IS SO ORDERED**.